IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

K.Y.,
    Plaintiff,

  v.

RICK SCHMITT,
    Defendant.

Case No. 18-cv-00940-MMC

**ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER**

Re: Dkt. No. 2

Before the Court is plaintiff's "Emergency Ex Parte Motion for a Temporary Restraining Order," filed February 13, 2018. Having read and considered the motion, the Court hereby rules as follows.

In his complaint, plaintiff, presently a sophomore at San Ramon Valley High School, alleges he is running unopposed for the position as Junior Class President (see Compl. ¶¶ 1-2), and that the school's "2018-2019 Campaign Rules and Guidelines" ("Campaign Rules") include "unconstitutional provisions," such as a rule that "campaign signs and slogans" may not contain "inappropriate material" (see Compl. ¶¶ 19).[1] According to plaintiff, the "Campaign Rules have a chilling effect and serve as a prior restraint on election speech." (See Compl. ¶ 6.) The school's "election week" is February 20-22, 2018. (See Yu Decl. ¶ 4.)

By the instant motion, plaintiff seeks an order enjoining defendant Rick Schmitt, Superintendent of the San Ramon Valley Unified School District ("SRVUSD"), from

---

[1] The Campaign Rules provide the following definition of "inappropriate material": "Types of inappropriate material would include material that is: vulgar, obsence, racist, sexist or otherwise offensive to others." (See Compl. ¶ 19.b.)

1  "enforcing the unlawful Campaign Rules." (See Pl.'s Mot. at 16:15-17.)

2  "A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 20; Quiroga v. Chen, 735 F. Supp. 2d 1226, 1223 (D. Nev. 2010) (noting "[t]emporary restraining orders are governed by the same standard applicable to preliminary injunctions").

Here, as set forth below, plaintiff fails to show he is likely to suffer irreparable injury if the Campaign Rules are not enjoined.[2]

According to plaintiff, although the application he completed to run for Junior Class President included a section requiring that he and his parents sign an acknowledgement he would "abide by all SRVUSD policies, regulations and handbooks . . . and any other applicable rules" (see Yu Decl. Ex. C), e.g., the Campaign Rules, plaintiff and his parents submitted the application without so agreeing (see id. ¶ 6; Pl.'s Mot. at 2). Plaintiff, however, does not allege, let alone offer evidence to show, the school has taken or threatened to take any action against plaintiff for not agreeing to abide by the Campaign Rules. Indeed, plaintiff acknowledges the school approved his application and informed him "he was unopposed and would be permitted to run." (See Pl.'s Mot. at 2:19-20.)

To the extent plaintiff argues the school nonetheless will require him to abide by the Campaign Rules notwithstanding his refusal to do so, plaintiff has failed to identify any action he wishes to take but has not taken due to a fear of violating the Campaign Rules, and, consequently, has shown no more than the existence of a "hypothetical threat," which is "not enough" to warrant injunctive relief. See United Public Workers v.

---

[2]As plaintiff has not shown a likelihood of imminent harm, the Court does not address herein the other requisite elements. See American Trucking Ass'n v. City of Los Angeles, 559 F.3d 1046, 1057 (9th Cir. 2009) (holding plaintiff seeking injunction "not entitled to relief" in absence of showing "likelihood of irreparable harm").

1  Mitchell, 330 U.S. 75, 86-91 (1947) (holding plaintiffs who "declare[d] a desire to act
2  contrary to [a] rule against political activity [by federal employees]" were not entitled to
3  injunctive relief prohibiting defendant from enforcing such rule, where plaintiffs failed to
4  identify "the kinds of political activity [they] desire[d] to engage in" or identify "the contents
5  of their proposed public statements or the circumstances of their publication").

Accordingly, the motion is hereby DENIED.

**IT IS SO ORDERED.**

Dated: February 14, 2018

_____
MAXINE M. CHESNEY
United States District Judge