IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| K.Y., through his guardians David and Leilanie Yu,<br><br>Plaintiff,<br><br>v.<br><br>RICK SCHMITT, in his official capacity as Superintendent of the San Ramon Valley Unified School District,<br><br>Defendant. | Case No. 18-cv-00940-MMC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; DISMISSING COMPLAINT WITH LEAVE TO AMEND; VACATING HEARING**<br><br>Re: Dkt. No. 16 |

Before the Court is the "Motion to Dismiss Plaintiff's Complaint for Declaratory and Injunctive Relief," filed March 8, 2018, by defendant Rick Schmitt, Superintendent of the San Ramon Valley Unified School District ("Superintendent Schmitt"). Plaintiff K.Y. has filed opposition, to which Superintendent Schmitt has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter suitable for decision on the parties' respective written submissions, VACATES the hearing scheduled for April 13, 2018, and hereby rules as follows.

In his complaint, filed February 13, 2018, K.Y. alleges he is a sophomore attending San Ramon Valley High School and that he was, at the time he filed his complaint, "running unopposed" for the "position of Junior Class President" (see Compl. ¶ 1), which election was conducted during the week beginning February 20, 2018 (see Compl. ¶ 19.e.). K.Y. alleges the school's "Campaign Rules" applicable to the February 2018 election contain "unconstitutional provisions" (see Compl. ¶ 19), for example, a rule prohibiting candidates from using "social media" to campaign (see Compl. ¶ 19.e.); he seeks "to have the [Campaign Rules] declared unconstitutional and to obtain an

injunction preventing the school district from enforcing the unconstitutional election rules" (see Compl. ¶ 7).

Superintendent Schmitt argues K.Y. has failed to allege facts to show he has standing to seek injunctive or declaratory relief, and, consequently, the complaint is subject to dismissal.

To obtain injunctive relief or declaratory relief, a plaintiff must establish "he is under threat of suffering 'injury in fact' that is concrete and particularized [and that] the threat must be actual and imminent, not conjectural or hypothetical." See Summers v. Earth Island Institute, 555 U.S. 488, 493 (2009) (setting forth elements necessary to establish standing to seek injunctive relief); Coral Construction Co. v. King County, 941 F.2d 910, 929 (9th Cir. 1991) (holding plaintiff seeking declaratory relief must establish "an injury to himself that is distinct and palpable" and "not conjectural or hypothetical"). At the pleading stage, a plaintiff, to avoid dismissal, must allege sufficient facts to support "the elements of standing." See Center for Biological Diversity v. Mattis, 868 F.3d 803, 816 (9th Cir. 2017).

Here, K.Y. fails to allege in the complaint any act he wished to, but did not, take due to a fear of violating the Campaign Rules. See Clark v. City of Lakewood, 259 F.3d 996, 1006 (9th Cir. 2001) (holding "[s]tanding is determined by the facts that exist at the time the complaint is filed"). Nor does K.Y. allege he intends to run for election in a future school election to which the Campaign Rules will apply, and, if so, what act(s) he wishes to take that he believes could be deemed in violation of the Campaign Rules. Consequently, K.Y. has shown no more than the existence of a "hypothetical threat," which is "not enough" to establish standing. See United Public Workers v. Mitchell, 330 U.S. 75, 86-91 (1947) (holding plaintiffs who "declare[d] a desire to act contrary to [a] rule against political activity [by federal employees]" lacked standing to seek injunctive relief prohibiting defendant from enforcing such rule, where plaintiffs failed to identify "the kinds of political activity [they] desire[d] to engage in" or to identify "the contents of their

proposed public statements or the circumstances of their publication");[1] see also Arizona Right to Life Political Action Committee v. Bayless, 320 F.3d 1002, 1006 (9th Cir. 2003) (holding plaintiff had standing to challenge statute regulating campaign speech, where plaintiff "was forced to modify its speech and behavior to comply with the statute").

In his opposition, K.Y. asserts that he was "forced to censor his campaign to uncontroversial speech" (see Pl.'s Opp. at 3:9-12), and, additionally, that he intends to "run again in 2019-2020" (see id. at 3:16-18), at which time "he will once again be faced with the decision of risking punishment for violating [the Campaign] Rules, rather than expressing the message he would prefer to convey to the student body" (see id. at 1:21-24). The complaint, however, includes no such allegations, and, consequently, the Court does not address herein their adequacy to cure the deficiency identified above.

Accordingly, the motion to dismiss is hereby GRANTED, the complaint is DISMISSED for lack of standing,[2] and K.Y. is AFFORDED leave to amend to allege sufficient facts to support his standing to challenge the Campaign Rules. Any First Amended Complaint shall be filed no later than April 27, 2018.

**IT IS SO ORDERED.**

Dated: April 10, 2018

MAXINE M. CHESNEY
United States District Judge

---

[1] The Court finds unpersuasive K.Y.'s argument that Mitchell is "no longer controlling." (See Pl.'s Opp. at 4:26 - 5:1.) Indeed, Mitchell continues to be binding authority in the Ninth Circuit. See, e.g., Wolfe v. Strankman, 392 F.3d 358, 363 (9th Cir. 2004).

[2] In light of this finding, the Court has not addressed Superintendent Schmitt's alternative arguments in support of dismissal, each of which addresses the merits of K.Y.'s claims. See Steel Co v. Citizens for a Better Environment, 523 U.S. 83, 93-94, 102 (1998) (holding, where plaintiff lacks standing to assert claim, federal court may not address merits thereof).