IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| K.Y., through his guardians David and Leilanie Yu,<br><br>Plaintiff,<br><br>v.<br><br>RICK SCHMITT, in his official capacity as Superintendent of the San Ramon Valley Unified School District,<br><br>Defendant. | Case No. 18-cv-00940-MMC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; VACATING HEARING; DIRECTIONS TO CLERK**<br><br>Re: Dkt. No. 29 |

Before the Court is defendant Rick Schmitt's Motion, filed May 11, 2018, "to Dismiss Plaintiff's First Amended Complaint for Declaration and Injunctive Relief." Plaintiff K.Y. has filed opposition, to which defendant has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court rules as follows.[1]

## BACKGROUND

In his initial complaint, filed February 13, 2018, K.Y. alleged he is a sophomore attending San Ramon Valley High School and that, as of the date on which he filed his initial complaint, he was "running unopposed" for the "position of Junior Class President" (see Compl. ¶ 1), which election was to be conducted during the week beginning February 20, 2018 (see Compl. ¶ 19.e.). In said pleading, K.Y. further alleged the school's "2018-2019 Campaign Rules and Guidelines" ("2018-2019 Rules"), which rules were applicable to the February 2018 election, contained "unconstitutional provisions"

---

[1] By order filed June 19, 2018, the Court took the matter under submission.

(see Compl. ¶ 19), and, based thereon, sought an order declaring the challenged rules unconstitutional and enjoining the school district from enforcing them (see Compl. ¶ 7). Concurrent with his initial complaint, plaintiff also filed a motion for a temporary restraining order, by which he sought to preclude the school from enforcing the challenged 2018-2019 Rules in connection with the February 2018 election. On March 8, 2018, defendant filed a motion to dismiss the initial complaint.

By order filed February 14, 2018, the Court denied plaintiff's motion for a temporary restraining order, finding, inter alia, plaintiff had not identified any action he wished to take that might violate the challenged rules. Thereafter, by order filed April 10, 2018, the Court granted defendant's motion to dismiss, finding plaintiff had failed to allege facts to establish his standing to challenge the rules, and afforded plaintiff leave to amend to allege such facts.

On April 27, 2018, plaintiff filed his First Amended Complaint ("FAC"), in which he alleges, as he did in his initial complaint, that the 2018-2019 Rules are unconstitutional; he again seeks injunctive relief prohibiting their enforcement, as well as a declaration that the 2018-2019 Rules violate, inter alia, the First Amendment. In particular, plaintiff challenges the 2018-2019 Rules precluding candidates from using "inappropriate" material on campaign signs, in slogans, and on posters, and limiting candidates to the use of "appropriate language" in any recorded "Speech/Ad" played during school hours. (See FAC ¶ 17.)[2] Plaintiff also challenges the definition of "inappropriate" used in the 2018-2019 Rules, to wit: "vulgar, obscene, racist, sexist, or otherwise offensive to others." (See FAC ¶ 17.b.)

In the FAC, plaintiff additionally alleges he prevailed in the election conducted in February 2018, and, consequently, is the "junior class president-elect," which position he

---

[2] The FAC includes partial quotes of some of the 2018-2019 Rules. The Court takes judicial notice of the entirety of the 2018-2019 Rules, which are contained in an exhibit offered in support of plaintiffs' motion for a temporary restraining order. (See Yu Decl. Ex. D.)

2

will hold for the "2018-2019 school year."  (See FAC ¶¶ 1, 15.)  Plaintiff alleges he "intends to run for Associate Student Body . . . president for the 2019-2000 school year" at an election that will be conducted in February 2019.  (See FAC ¶ 6.)

**DISCUSSION**

By the instant motion, defendant argues plaintiff has again failed to allege facts to establish his standing to seek injunctive and declaratory relief with respect to the 2018-2019 Rules.

To obtain injunctive relief or declaratory relief, a plaintiff must establish "he is under threat of suffering 'injury in fact' that is concrete and particularized"; "the threat must be actual and imminent, not conjectural or hypothetical."  See Summers v. Earth Island Institute, 555 U.S. 488, 493 (2009) (setting forth elements necessary to establish standing to seek injunctive relief); Coral Construction Co. v. King County, 941 F.2d 910, 929 (9th Cir. 1991) (holding plaintiff seeking declaratory relief must establish "an injury to himself that is distinct and palpable" and "not conjectural or hypothetical").  At the pleading stage, a plaintiff, to avoid dismissal, must allege sufficient facts to support "the elements of standing."  See Center for Biological Diversity v. Mattis, 868 F.3d 803, 816 (9th Cir. 2017).

A plaintiff may, however, seek to challenge on First Amendment grounds a rule where the plaintiff, as here, has not "suffer[ed] a direct injury from the challenged restriction."  See Lopez v. Candaele, 630 F.3d 775, 785 (9th Cir. 2010).  In such a challenge, the plaintiff can establish standing by "demonstrating a realistic danger of sustaining a direct injury," which "danger," at the pleading stage, is established by factual allegations showing "an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by a [rule], and a credible threat of prosecution thereunder."  See id. (internal quotation, citation and alteration omitted).  As the Ninth Circuit has explained, a court, in determining whether such a "pre-enforcement plaintiff" can establish standing, should consider:  (1) whether the plaintiff has "failed to show a reasonable likelihood that the government will enforce the challenged law against [him]";

3

1  (2) whether the plaintiff has "failed to establish, with some degree of concrete detail, that
2  [he] intend[s] to violate the challenged law"; and (3) "whether the challenged law is
3  inapplicable to the plaintiff[ ], either by its terms or as interpreted by the government."
4  See id. at 786.

Here, as set forth above, plaintiff challenges the constitutionality of a specific word and phrase contained in the 2018-2019 Rules, in particular, the word "inappropriate" and the phrase "offensive to others," which, in turn, is included in defendant's definition of "inappropriate." The 2018-2019 Rules, however, are, by their own terms, only applicable to the election that was conducted in February 2018. (See Yu Decl. Ex. D ("2018-2019 Leadership/Election Guidelines") (stating: "Below are the Rules and Guidelines we are using this year for the election.").) Although plaintiff alleges "[t]here is no indication the school will refrain from enforcing the . . . inappropriate language [provisions] in the future" (see FAC ¶ 23), plaintiff acknowledges that, after his brother filed a lawsuit challenging a provision in the rules applicable to the school elections held in 2017, the school, in response thereto, "changed the election rules for [the 2018 election]." (See Compl. ¶¶ 15-17.)

Consequently, as the 2018-2019 Rules, by their own terms, are applicable only to the election conducted in February 2018, and as the facts alleged in the FAC do not support a finding that the school will use those Rules for the next year's elections, but, rather, that the school may well change the rules in response to the instant lawsuit or for other reasons, the first and third of the above-quoted factors weigh against a finding of standing. See Lopez, 630 F.3d at 786.

The remaining factor, the second factor, likewise weighs against a finding of standing. Even assuming the 2018-2019 Rules will be applied without material revision to the 2019-2020 school year elections, plaintiff fails to identify with the requisite "concrete detail," see id., any proposed campaign activity in which he intends to engage that, arguably, would violate those rules. Indeed, plaintiff acknowledges that, "[b]ecause his campaign will be affected by the issues and the culture of February 2019, it is

4

premature to predict exactly what [plaintiff's] campaign will center on or what language or materials will be effective at that time." (See FAC ¶ 28.) Although plaintiff alleges he intends to use "jarring images and/or provocative language" and "wants to be able to speak" about issues "such as race, immigration policy, or religion" (see FAC ¶¶ 28-29), such generalized intentions are insufficient to establish standing. See Lopez, 630 F.3d at 787 (holding "plaintiffs' allegations must be specific enough so that a court need not speculate as to the kinds of political activity the plaintiffs desire to engage in or as to the contents of their proposed public statements or the circumstances of their publication") (internal quotation, citation and alteration omitted).

In sum, plaintiff's allegations are insufficient to support a finding that plaintiff, at the present time, has standing to challenge the election rules the school will put in place to govern the election to be conducted in February 2019.

Accordingly, the FAC will be dismissed for lack of standing, without prejudice to plaintiffs' filing a new action upon the school's issuance of the rules applicable to the election of officers for the 2019-2000 school year.

## CONCLUSION

For the reasons stated above, defendant's motion to dismiss is hereby GRANTED, and the First Amended Complaint is hereby DISMISSED without prejudice for lack of standing.

The Clerk of Court is DIRECTED to close the file.

**IT IS SO ORDERED.**

Dated: June 21, 2018

MAXINE M. CHESNEY
United States District Judge